UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 15-71431 |
| JOHN ADRIAN WEASE and | ) | |
| KIMBERLY ANN WEASE, | ) | |
| SSNs: XXX-XX-1989 and XXX-XX-0649 | ) | |
| | ) | Chapter 7 |
| Debtors, | ) | |
| | ) | Judge Gorman |
| | ) | |
| Debra VanDettum, | ) | Case No. 15_______ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ADRIAN WEASE and | ) | |
| KIMBERLY ANN WEASE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, DEBRA VANDETTUM, ("VanDettum"), by and through heir attorney, John P. Taylor, for their complaint against defendants, JOHN WEASE AND KIM WEASE ("the Weases") allege as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

JURISDICTION AND VENUE

1. This is a core proceeding in which this Court has jurisdiction under 28 U.S.C. 157(b) and § 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3. This is an adversary proceeding brought pursuant to 11 U.S.C. § 523 and Bankruptcy Rules 7001 *et seq.*

## THE PARTIES

4. The Weases are the debtors in this Chapter 7 Bankruptcy case by virtue of the filing of a Voluntary Petition for Relief on September 17, 2015.

5. The Weases are a married couple at all times relevant hereto residing in Illinois.

6. On August 11, 2010, DEBRA VANDETTUM ("VanDettum") filed a complaint against the Weases and others in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, in a lawsuit known as DEBRA VANDETTUM v. JOHN A. WEASE, individually, and as an agent of THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY; KIM A. WEASE, individually; and THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, Sangamon County Case #2010 LM 1295 ("the State Court Lawsuit").

7. The trial court in the State Court Lawsuit found that The Western and Southern Life Insurance Company was not liable for the actions of the Weases and dismissed the insurance company as defendants.

8. John Wease in the presence of Kimberly Wease represented himself as a financial expert with the backing the Western and Southern Life Insurance Company and convinced VanDettum to withdraw money from her annuity account on several occasions and guided her in circumventing the annuity account rules. The Weases signed handwritten promissory notes to Debra VanDettum.

9. VanDettum was damaged by said actions.

10. VanDettum demanded payment and the Weases failed to pay.

11. The Trial Court in the State Court Case found for VanDettum and against the defendants/debtors herein.

**COUNT 1**
**NON-DISCHARGEABILITY PURSUANT TO SECTION 523(a)(4)**
**FRAUD/DEFALCATION**

12. Plaintiff realleges and incorporates paragraphs 1-11 of the Allegations Common to all Counts as Paragraphs 1-11 of this Count 1, as though fully set forth herein.

13. 11 U.S.C. §523(a)(2) provides in part that a discharge under Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud…"

14. In the State Court Case plaintiff VanDettum alleged that:

"Defendants are indebted to Plaintiff in the amount of $20,002.73 for money loaned to Defendants JOHN A. WEASE and KIM A. WEASE pursuant to the terms of a written contract executed on December 9, 2003."

15. In the State Court Case VanDettum further alleged that:

"7. The plaintiff claims that JOHN A. WEASE made the following statements:

a. He was in financial difficulty and needed plaintiff's help.

b. He had no food on the table and he had a wife and

daughter at home and was in dire need of financial help.

c. He told her it was against the rules for her to withdraw money from her WESTERN AND SOUTHERN annuity but that he could "finagle" it so that nobody would know by writing the checks to him.

d. He continually promised the he would "...get it back to you. Don't worry."

7. JOHN A. WEASE in fact convinced plaintiff to give him additional money on numerous occasions and, on more than one occasion, withdrew money from Plaintiff's WESTERN AND SOUTHERN annuity account without her knowledge or permission."

8. The plaintiff further claims that the statements were false statements of material facts.

9. The plaintiff further claims that the defendant knew the statements were false and made the statements in reckless disregard of whether they were true or false.

10. The plaintiff further claims that the defendant made the statements with the intent to induce the plaintiff to give him money that he did not intend to repay.

11. The plaintiff further claims that she reasonably believed the statements and loaned him money on

> numerous occasions in justifiable reliance on the truth of the statements.
>
> 12. The plaintiff further claims that she sustained damages as the result of her reliance."

16. On October 20, 2010, the Circuit Court entered default judgments against the Weases.

17. On April 27, 2011, the Circuit Court entered judgment against the Weases for $20,002.73 plus costs.

18. Since January of 2012 through Circuit Court ordered wage garnishments, the Weases have paid down the judgment to a current amount of $7,656.90, as of December 31, 2015. See attached Payment Ledger.

19. The Weases' appropriation of VanDettum's money under false circumstances, with the imprimatur of financial expertise from John Wease's alleged association with an investment firm, and with no intention of honoring the promissory note was a conscious and wrongful act.

20. The actions of the Weases decribed herein constitute willful and malicious injury to VanDettum as that term is used in 11 U.S.C. §523(a)(6)

21. The Weases' conduct described herein constitutes fraud and is therefore non-dischargeable under §523(a)(4).

WHEREFORE, plaintiff respectfully requests this Court to enter an order as follows:

A. Enter a finding declaring the judgment of the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois entered April 27, 2011, is non-dischargeable under 11 U.S.C. § 523(a)(4) and/or 11 U.S.C. § 523(a)(6).

B. For such other and further relief this court deems equitable and just.

DEBRA VANDETTUM

By: /s/ John P. Taylor __________
Her attorney

JOHN P TAYLOR (6256758)
PO BOX 3364
SPRINGFIELD IL 62708-3364
Ph: 217-525-5100
Fax: 217-241-2098